IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LATRENDA KAY ROBINSON, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:16cv329-SRW |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**[2]

Plaintiff Latrenda Kay Robinson commenced this action on May 9, 2016, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying her application for Supplemental Security Income. *See* Doc. 1; Doc. 12 at 1. Plaintiff alleged disability as of April 10, 2012, due to paranoid schizophrenia, bipolar disorder, depression, anxiety, panic attacks, pleurisy, and polycystic ovarian syndrome. *See* R. 225. On August 26, 2014, Administrative Law Judge Thomas M. Muth, II ("the ALJ") issued an adverse decision after holding a hearing on the plaintiff's

---

[1] Nancy A. Berryhill is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this lawsuit. The Clerk of Court is **DIRECTED** to take the appropriate steps to reflect this change on the docket sheet.

[2] For the purposes of this appeal, the court uses the Code of Federal Regulations ("C.F.R.") that was effective until March 27, 2017, as that was the version of the C.F.R. in effect at the time the claim was filed. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q. 3.

1

application.[3] *See* R. 24-43. The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. *See* R. at 1-6.

In the instant appeal, the plaintiff requests that the court reverse the Commissioner's adverse decision and award benefits or, in the alternative, remand this cause to the Commissioner under sentence four of 42 U.S.C. § 405(g). *See* Doc. 12 at 9. This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge. *See* 28 U.S.C. § 636(c). *See* Doc. 9; Doc. 10. For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be remanded for additional proceedings.

In addition, in the last paragraph of the plaintiff's brief in support of this appeal, the plaintiff moves for an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 241(d). *See* Doc. 12 at 9. Pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), the plaintiff also requests an extension of time to file a motion for attorney's fees under 42 U.S.C. § 406(b) "to allow the Commissioner to calculate [p]laintiff's past-due benefits." *Id*. These motions will be denied without prejudice. Plaintiff may refile renewed motions after the entry of final judgment in this case.

**STANDARD OF REVIEW**

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.

---

[3] Plaintiff was represented by counsel at the hearing before the ALJ. *See* R. 27.

*Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

3

expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)  whether the claimant is currently employed;

(2)  whether the claimant has a severe impairment;

(3)  whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4)  whether the claimant can perform his or her past work; and

(5)  whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to a formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## DISCUSSION

The ALJ found that the plaintiff suffers from the severe impairments of depression, bipolar disorder, polycystic ovarian disease, polyarticular joint pain, polyneuropathy, reversal of cervical lordosis, thoracic scoliosis, fibromyalgia, obesity, and generalized anxiety disorder. *See* R. 29. The ALJ concluded that the plaintiff does not have an impairment or combination of impairments that meet or medically equal a listed impairment. *See* R. at 30-32. As he must, the ALJ considered all of the plaintiff's impairments individually and collectively in determining the plaintiff's residual functional capacity ("RFC"). *See id*.

The ALJ made the following RFC determination:

[T]he claimant has the [RFC] to perform light work as defined in 20 CFR 416.967(b) except as follows. The claimant can lift and/or carry 20 pounds occasionally and items of negligible weight frequently. The claimant can stand for two hours total in an eight-hour day, no more than 45 minutes at a time. The claimant can walk for two hours total in an eight-hour day, no more than 45 minutes at a time. The claimant can occasionally push and/or pull with the upper extremities, bilaterally. The claimant can perform occasionally pushing and/or pulling with the lower extremities, bilaterally. The claimant can perform occasional balancing, occasional stooping, occasional kneeling, occasional crouching, occasional crawling, and occasional climbing of ramps and stairs. She can perform no climbing of ladders, ropes or scaffolds. She can perform frequent reaching, bilaterally; frequent handling, bilaterally; continuous fingering, bilaterally; and continuous feeling, bilaterally. The claimant can tolerate occasional exposure to vibration. She must avoid all exposure to unprotected heights and avoid all exposure to dangerous machinery. The claimant will have one to two unplanned absences per month. The claimant can perform simple one to two-

5

> step tasks involving no more than simple, short instructions and simple work-related discussions with few work place changes. The claimant can have occasional and non-transactional interaction with the public, occasional interaction with co-workers, and occasional interaction with supervisors. She is unable to work in close proximity to others. She can sustain concentration and attention for two-hour periods with customary breaks.

R. at 32. At step four, the ALJ found that the plaintiff has no past relevant work. *See* R. at 37. Relying, in part, on the testimony of a vocational expert ("VE"), the ALJ concluded that "[c]onsidering the [plaintiff's] age, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [plaintiff] can perform." *Id.* The ALJ's findings resulted in a determination that the plaintiff "has not been under a disability …." *Id.* at 38.

The plaintiff raises three arguments in support of this appeal: (1) the Commissioner erred in giving "significant weight" to the opinion evidence of an agency single decision maker; (2) the ALJ did not "comply with 20 C.F.R. § 416.927 and Social Security Ruling (SSR) 96-2p" in evaluating the medical source opinion from plaintiff's treating psychiatrist, Shakir Meghani, M.D.; and (3) "[t]he Commissioner's [d]ecision finding that [plaintiff] can sustain attention and concentration for two-hour periods with customary breaks is inconsistent with the opinion of the agency's reviewing psychological expert which was given 'significant weight.'" Doc. 12 at 4. Because the plaintiff's first argument warrants remand to the Commissioner for additional proceedings, the court does not reach the plaintiff's other arguments.

## I. Social Security Administration Single Decision Maker's Findings

In this case, the Commissioner used the "single decisionmaker model" whereby the Commissioner assigned a single decision maker ("SDM"), consistent with 20 C.F.R. § 404.906(b)(2), to make an initial disability determination after consultation with a psychological consultant. R. 95-107. The SDM formulated an RFC, and he found that the plaintiff is not disabled. *See id.*

The parties agree that the ALJ cannot consider as evidence the SDM's RFC determination and findings in adjudicating a claimant's appeal. *Cf.* Doc. 12 at 4-5; Doc. 13 at 4. The Eleventh Circuit has held that "the SSA's Program Operations Manual System ('POMS') explicitly distinguishes RFC assessments produced by an SDM from those produced by a medical consultant, and states that 'SDM-completed forms are not opinion evidence at the [internal agency] appeals level.'" *Siverio v. Comm'r of Soc. Sec.*, 461 F. App'x 869, 871-72 (11th Cir. 2012) (quoting POMS § DI 24510.050; https://secure.ssa.gov/apps10/poms.nsf/lnx/0424510050). As a matter of law, "[w]hile the POMS does not have the force of law, it can be persuasive." *Stroup v. Barnhart*, 327 F.3d 1258, 1262 (11th Cir. 2003); *see also Siverio*, *supra*, at n. 3 (accord). This court finds that POMS § DI 24510.050 is persuasive.

The SDM's RFC assessment and findings, as well as the opinion evidence of state agency consulting psychologist Kirstin J. Bailey, Ph.D., are found within the same document, which is referenced as Exhibit 1A in the ALJ's decision. R. 36. *See also* R. 95-107 (Exhibit 1A). The parties' arguments concern their respective interpretations of three sentences of the ALJ's written decision about the weight assigned to the evidence in Exhibit 1A. In short, the plaintiff argues that the ALJ improperly relied on SDM evidence,

7

and the Commissioner disagrees. In relevant part, the ALJ's discussion of Exhibit 1A reads as follows:

> [T]he forms in Exhibit 1A are generally consistent with the medical evidence and merit significant weight. The opinion of the psychological expert is given significant weight because she is a mental health specialist. Likewise, her opinion is the most consistent opinion with the remainder of the evidence.

R. 36.

The plaintiff argues that the first sentence of the ALJ's discussion of Exhibit 1A demonstrates that the ALJ impermissibly relied on and gave "significant weight" to the SDM's forms, and plaintiff contends that "remand is warranted for this action." Doc. 12 at 4-5. In response, the Commissioner maintains that the plaintiff's argument "is contrary to a plain reading of the ALJ's decision as the ALJ never mentioned the SDM's opinion[.]" Doc. 13 at 4. The Commissioner posits that the ALJ offers an "explanation" in sentences two and three of his discussion of Exhibit 1A – *i.e.*, the Commissioner asserts that the ALJ's reference to the "psychological expert" in those sentences forecloses the possibility that, in sentence one, the ALJ relied on the SDM's forms or opinion. Doc. 13 at 4-5. The Commissioner argues alternatively that "it is clear the ALJ neither relied on nor accorded significant weight to the SDM's assessment" because his findings of severe impairments at step two are more restrictive than the SDM's findings as to "disorders of the female genital organs[.]" Doc. 13 at 5. The Commissioner's arguments are unavailing.

As discussed above, the ALJ is required to follow correct legal standards, and his disability determination must be based on substantial evidence. As to Exhibit 1A, the ALJ does not exclude the SDM's forms from the "substantial weight" that the ALJ assigned to

the "forms" contained Exhibit 1A. R. 36. To the contrary, the ALJ assigns unrestricted, substantial weight to the "forms" in Exhibit 1A. *Id.* In the second sentence, the ALJ assigns "substantial weight" to the opinion of the psychological expert. R. 36. Thus, a plain reading of the ALJ's decision reveals that, in two independent clauses, the ALJ assigns "substantial weight" to the "forms" and to the psychologist's opinions in Exhibit 1A. The second independent clause does not limit or restrict the first sentence. Moreover, in Exhibit 1A, the SDM's forms are intermingled with the forms completed by the state agency psychologist. The ALJ's assignment of substantial weight to Exhibit 1A plainly refers to the entire exhibit.

In the absence of some explanation or qualification on this point by the ALJ, the court is barred from assuming that the ALJ applied proper legal standards and, consequently, that he did not consider the SDM's forms. *See Davis*, 985 F.2d at 531 (no presumption of validity accompanies the ALJ's application of legal standards); *Siverio*, 461 F. App'x at 871-72 (SDM's forms are not acceptable opinion evidence for use by an ALJ or Appeals Council); R. 95-107. Also, because no presumption of validity attaches to an ALJ's application of legal principles, the court finds without merit the Commissioner's argument that the ALJ implicitly rejected the entirety of the SDM's determinations because the ALJ made a more restrictive finding at step two as to a single severe impairment – among ten severe impairments – because that step two finding does not demonstrate that the ALJ did not consider the SDM's forms. R. 29, 36 (assigning "substantial weight" to "forms" in Exhibit 1A).

Under these circumstances, it is not evident that the ALJ applied proper legal standards; thus, the court must remand this matter for additional proceedings. *See Cornelius*, 936 F.2d 1143, 1145-46 (a district court must reverse when correct legal standards were not applied by the Commissioner); *see also Brooks v. Berryhill*, 2017 WL 4366725, at *4 (M.D. Ala. Sept. 29, 2017) (remanding to the Commissioner for additional proceedings because the ALJ did not apply correct legal standards). Moreover, if the ALJ impermissibly relied on the SDM's determinations as evidence, the ALJ's decision is not based on substantial evidence. Thus, remand for additional proceedings is appropriate.

## CONCLUSION AND ORDER

For the reasons discussed, the decision of the Commissioner will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) by separate judgment so that the Commissioner can conduct additional proceedings consistent with this opinion. The court does not reach plaintiff's arguments that are not expressly discussed herein. The court expects that the Commissioner will consider plaintiff's arguments as to those issues on remand as well, and will develop the record as is necessary in areas not expressly considered in this opinion. For example, the court anticipates that the ALJ will consider the plaintiff's assertions that proper weight was not afforded to the entirety of the plaintiff's treating psychiatrist's records and opinions. Moreover, while it is not raised in the parties' briefs, the ALJ should assess whether his adverse disability determination, which is based, in part, on the RFC finding that the plaintiff "will have one to two unplanned absences per month," R. 32, is inconsistent with the VE's testimony that a hypothetical "individual would not be able to maintain employment" if that person has "routine and consistent"

absences "over a period of time" of "two days or greater," R. 93, and consider whether the RFC on this point and the disability determination are based on substantial evidence.

In addition, it is hereby

**ORDERED** that the plaintiff's motion for an award of EAJA fees and motion for an extension of time to file a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) are **DENIED** without prejudice. *See* Doc. 12 at 8. Plaintiff may file such motions in a timely manner after the entry of judgment.

Done, on this the 20th day of March, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge